UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZACHARY E. BYERS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-1417-MTS |
| ) | |
| ULTIMATE DOLLAR N DIME ) | |
| LOGISTICS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Defendants' Notice of Removal. Doc. [1]; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (discussing a federal court's "independent obligation to determine whether subject-matter jurisdiction exists"). In this action raising issues of purely state law, Defendants invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See also* 28 U.S.C. § 1441(a). Defendants, though, have not yet established the complete diversity of citizenship of the parties because they have not yet established Defendant Ultimate Dollar N Dime Logistics, LLC's citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that § 1332(a) "require[s] complete diversity between all plaintiffs and all defendants").

Defendants are correct that a limited liability company's citizenship is that of its members for diversity jurisdiction purposes. *See* Doc. [1] ¶ 4(b); *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). But Defendants have not yet "identif[ied] each of the individual members of the defendant LLC and specifically

plead[ed] the state of their citizenship." *James v. Moore*, 1:23-cv-0115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *accord MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[B]ecause MidCap is an LLC, the pleadings needed to identify MidCap's members and allege their citizenship."); *Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 F. App'x 821, 824 (11th Cir. 2017) (per curiam) ("To properly allege the citizenship of an LLC, a party must identify all of the LLC's members and their citizenships."); *see also, e.g.*, *Scottsdale Ins. Co. v. Consumer Law Prot., LLC*, 1:23-cv-0101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's unidentified members were "citizens of Missouri" did not suffice where plaintiff failed to identify the members).

Therefore, the Court will require Defendants to file an amended notice of removal. The amended notice must be sure to establish, as Defendants did with the other parties, the citizenship of Defendant Ultimate Dollar N Dime Logistics, LLC's members "both when the plaintiff[s] initiate[d] the action in state court and when the defendant[s] file[d] the notice of removal in federal court." *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). If Defendants fail to do so, the Court must remand this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").*

---

* The Court notes that while Defendant Ultimate Dollar N Dime Logistics, LLC has filed its disclosure statement, that statement does not relieve it of its obligation to establish jurisdiction within its Notice of Removal. *Cf.* Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **October 03, 2025**, Defendants must file an amended notice of removal that establishes this Court's subject matter jurisdiction consistent with this Memorandum and Order.

Dated this 23rd day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

Rule 8(a)(1) obligation to plead the grounds for jurisdiction."). For one thing, the disclosure statement does not inquire about a party's citizenship at the time an action is filed in state court. *See Chavez-Lavagnino*, 714 F.3d at 1056. Additionally, the disclosure statement here identifies only one individual though the Notice of Removal uses plural language. *Compare* Doc. [1] ¶ 4(b) (stating the "owners are citizens"), *with* Doc. [7] (identifying only one member). This discrepancy likely is just an excusable oversight, but it adds to the uncertainty surrounding citizenship.